## J. C. RUSSELL v. FANNIE B. WOESSNER ET AL.

### No. 574.

1. **Jurisdiction of Justice Court.**—A Justice Court has no jurisdiction of a suit against an administrator and his sureties for a sum directed by the Probate Court to be paid to a creditor of an estate, when the amount ordered to be paid, with the 5 per cent per month damages for delay in payment given by statute thereon, shall exceed in amount the sum of $200.

2. **Jurisdiction—Statute Unconstitutional.**—Article 2049, Revised Statutes, which provides, that any executor or administrator who neglects to pay over money which he has been ordered by the county judge to pay, when payment is demanded by the person entitled to receive it, shall be liable for 5 per cent per month damages upon said amount for each and every month he shall neglect to pay, such damage to be recovered by suit against such executor or administrator and his sureties, before any court having jurisdiction of the amount claimed, exclusive of interest and such damages, in so far as it gives the court of a justice of the peace jurisdiction in suits involving an amount exceeding $200, is in conflict with the Constitution of the State, and to that extent inoperative and void.

APPEAL from Nueces. Tried below before Hon. W. B. HOPKINS, County Judge.

*J. C. Scott*, for appellant.

*F. W. Moore, D. McNeill Turner*, and *G. R. Scott*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit originated in the court of a justice of the peace for Nueces County, and was taken thence by appeal to the County Court of said county.

John Woessner was, on the 18th of July, 1883, the administrator of an estate of one Frost Allen, deceased, and the appellees, N. Gussett and J. W. Ward, were the sureties on the bond of said Woessner, and appellant was a creditor of said estate; and on the day last aforesaid the County Court of Nueces County ordered the said Woessner to pay to appellant $138.99, that sum being the balance of appellant's claim previously allowed and approved against said estate, the court finding that there was in the hands of the administrator funds sufficient to pay in full appellant's claim.

The said Woessner died on the 10th day of September, 1884, without having paid said sum, or any part thereof. The said Woessner died intestate, and left surviving him his wife and four children. He left a large estate, which was partitioned between the surviving wife and his children. Afterwards the wife died, and left a will, and James B. Wells and G. R. Scott were the executors thereof. On the 18th day of July, 1887, appellant instituted his suit against the heirs of the administrator, Woessner, and his sureties upon his bond, and also against the executors of the will of Fannie B. Woessner, for the recovery of the said sum of $138.99, with interest on the same, and for damages at the rate of 5 per cent per month from the date of the order, directing the administrator to make payment of balance due on appellant's claim. Plaintiff alleged, that the estate of the deceased, John Woessner, was community property, and that one-half thereof was received by the said Fannie B. Woessner, and the other half was distributed among his four children; that there was never an administration upon the estate of the said Woessner, and that there was no necessity for an administration, there being no claim other than that of appellant against the estate; and that the property received by the wife and children of the deceased was of the value of $75,000.

Appellees excepted on several grounds to plaintiff's petition, both in the Justice and the County Court, and the exceptions were sustained in the latter court; and defendant declining to further amend, his suit was dismissed, and he appealed to this court. The appeal is submitted in this court upon brief of appellant. Appellees have filed no brief; but they have filed a motion to dismiss the appeal, upon the ground that the Justice Court was without jurisdiction, the amount sued for being in excess of the amount over which the court of a justice of the peace has jurisdiction. The Constitution gives jurisdiction to justices of the peace to hear and determine suits in which the amount involved does not exceed $200. Article 2049 of the Revised Statutes provides, that "in all cases where an order shall be made by any county judge, under the provision of this title, for an executor or administrator to pay over money to any person other than the Treasurer of the State, and such executor or administrator shall neglect to make such payment when it is demanded by the person entitled thereto,

his agent or attorney, such executor or administrator shall be liable on his official bond to the person in whose favor such order of payment was made, for damages upon the amount he shall neglect to pay, at the rate of 5 per cent per month for each and every month he shall so neglect to make such payment after the same was so demanded; such damage to be recovered by suit against such executor or administrator, and the sureties upon his bond, before any court having jurisdiction of the amount claimed, exclusive of interest and such damages.''

This statute, in so far as it gives the court of a justice of the peace jurisdiction in suits involving an amount exceeding $200, is in conflict with the Constitution of the State, and is therefore to that extent inoperative and void.

The appellant's suit was for the recovery of $138.99 and interest, and for damages, for an amount which, added to the $138.99, makes a sum far in excess of $200.

The motion to dismiss the appeal must be sustained, and it is so ordered.

*Dismissed.*

Delivered May 24, 1894.